$4400

PBT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

MAY 1 0 2013

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

VICTOR ALVARADO
244 FIFTH AVENUE, FLOOR 2
NEW YORK, NY 10001-7945

       Plaintiff

    v.

THE CITY OF CHESTER
1 FOURTH STREET
CHESTER, PA 19013
    -and-

NATIONAL RAILROAD
PASSENGER CORPORATION
t/d/b/a AMTRAK
50 MASSACHUSSETTS AVENUE
WASHINGTON, D.C. 20002
    -and-

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF TRANSPORTATION
400 NORTH STREET
HARRISBURG, PA 17120

       Defendants

CIVIL ACTION

NO.:  **13**  **2567**

## COMPLAINT

### I.   PARTIES

1.     Plaintiff, Victor Alvarado, is an adult individual and a citizen and resident of the

State of New York, residing therein at 244 Fifth Avenue, Floor 2, New York, NY 10001-7945.

2.     The City of Chester is a Pennsylvania municipality and a local agency, as defined

in Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8501 et.seq., organized and existing

under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 1

Fourth Street, Chester, PA 19013.

3.     Pursuant to the provisions of 42 Pa.C.S.A § 5522, Plaintiff has placed the Defendant the City of Chester on notice of his injuries.  (See, Letter, dated October 20, 2011, attached as Exhibit "A").

4.     National Railroad Passenger Corporation, t/d/b/a AMTRAK (hereinafter "AMTRAK") is a federally chartered common carrier corporation, existing and organized pursuant to an Act of Congress, 49 U.S.C. § 24101 et. seq., with a principal place of business at 50 Massachusetts Avenue, Washington, D.C. 20002.

5.     Commonwealth of Pennsylvania, Department of Transportation (hereinafter "Penndot") is a Pennsylvania Commonwealth Agency as defined by the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8501 et.seq., with a principal place of business at 400 North Street, Harrisburg, PA  17120.

6.     Pursuant to the provisions of 42 Pa.C.S.A § 5522, Plaintiff has placed Defendant Penndot on notice of his injuries.  (See, Letter, dated October 20, 2011, attached as Exhibit "B")

## II.     JURISDICTION OF THE COURT

7.     The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over this action pursuant to 28 U.S.C. § 1349 because Defendant Amtrak is a federally chartered corporation,  created by an Act of Congress, 49 U.S.C. § 24101 et seq with Federal Government owing more than fifty percent of the stock.

8.     The United States District Court for the Eastern District of Pennsylvania also has original jurisdiction over this action as the parties are diverse, pursuant to 28 U.S.C. § 1332A and the amount in controversy exceeds $75,000.00.

9.     The Plaintiff is resident of the State of New York.

10.    Defendant, the City of Chester, maintains a principal place of business in the City of Chester, Pennsylvania.

11.    Defendant Amtrak is a citizen of the District of Columbia as it maintains a principal place of business in Washington, D.C.

12.    Defendant Pennsylvania Department of Transportation is a State Agency of the Commonwealth of Pennsylvania and hence is a citizen of Pennsylvania.

III.    **FACTUAL BACKGROUND**

13.    At all times material hereto, one or more of the above Defendants owned, operated, maintained and/or otherwise controlled a railroad bridge, located at or near the intersection of Fifth and Upland Streets in the City of Chester, Pennsylvania.

14.    Based on information and belief, one or more of the above Defendants were also responsible for placing, maintaining and otherwise controlling height clearance traffic signs, designed and intended to notify drivers of tall vehicles, such as tractor trailers of the height clearance of the subject bridge/underpass and located near the approach to the subject railroad bridge.

15.    On June 1, 2011 Plaintiff Victor Alvarado was the operator of a 2006 Century Freightliner Tractor, proceeding southbound on Upland Street, approaching the Amtrak's Fifth Street underpass.

16.    As Victor Alvarado began to drive under the underpass, the exhaust pipes of his truck struck the underside of the bridge, causing Mr. Alvarado to sustain severe personal injuries which are further described below.

<u>COUNT I</u>
<u>PLAINTIFF VICTOR ALVARADO V. DEFENDANT CITY OF CHESTER</u>

17.     Plaintiff hereby incorporates the preceding paragraphs by reference as though stated in full herein.

18.     The negligence of Defendant, The City of Chester, consisted of but was not limited to the following:

        a.  Failing to properly maintain the subject railroad bridge;

        b.  Failing to ensure that there was proper street signage, warning motorists of the height of the bridge;

        c.  Failing to ensure that the missing bridge height sign was replaced;

        d.  Failing to prevent vandalism and/or removal of bridge height signs;

        e.  Failing to warn Plaintiff and other motorists of the dangers presented by the low clearance of the bridge;

        f.  Failing to erect, maintain and/or secure an advance information sign near the intersection nearest the end of the restricted bridge to allow drivers such as Plaintiff to avoid the height restricted bridge;

        g.  Creating a nuisance on a public highway;

        h.  Failing to exercise due care in fixing, replacing and/or maintaining the signage warning motorists as to the height of the bridge;

        i.  Failing to notify appropriate entities, parties, individuals and/or authority and/or expertise, to fix or replace or place the height clearance signage approaching the bridge.

19.     The aforesaid negligence of Defendant The City of Chester resulted in Plaintiff

Victor Alvarado sustaining severe personal injuries which include but are not limited to the

following:

      a.   L5-S1 disc bulge with anular tear;

      b.   Regional pain syndrome;

      c.   Traumatically induced urinary incontinence;

      d.   Left rotator cuff tear

      e.   Severe pain in his neck, back and left shoulder;

      f.   Neuritis and/or radiculitis of the thoracic and lumbosacral spine;

      g.   Pain and suffering;

      h.   Damage to his nerves and nervous system;

      i.   Medical bills, past, present and future;

      j.   Lost earnings and lost earning capacity.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment

for Plaintiff and against Defendants.

COUNT II
PLAINTIFF VICTOR ALVARADO V. DEFENDANT AMTRAK

20.     Plaintiff hereby incorporates by reference the preceding paragraphs as though

stated in full herein.

21.     The negligence of Defendant Amtrak consisted of but is not limited to the

following:

      a.   Failing to properly maintain the subject railroad bridge;

      b.   Failing to ensure that there was proper street signage, warning motorists of the

         height of the bridge;

c. Failing to ensure that the missing bridge height sign was replaced;

d. Failing to prevent vandalism and/or removal of bridge height signs;

e. Failing to warn Plaintiff and other motorists of the dangers presented by the low clearance of the bridge;

f. Failing to erect, maintain and/or secure an advance information sign near the intersection nearest the end of the restricted bridge to allow drivers such as Plaintiff to avoid the height restricted bridge;

g. Creating a nuisance on a public highway;

h. Failing to exercise due care in fixing, replacing and/or maintaining the signage warning motorists as to the height of the bridge;

i. Failing to notify appropriate entities, parties, individuals and/or authority and/or expertise, to fix or replace or place the height clearance signage approaching the bridge.

22. As a result of the aforesaid negligence of Defendant Amtrak, Plaintiff sustained injuries and damages as described in Paragraph 19 above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment for Plaintiff and against Defendants.

## COUNT III
## PLAINTIFF VICTOR ALVARADO V. DEFENDANT PENNDOT

23. Plaintiff hereby incorporates by reference the preceding paragraphs as though stated in full herein.

24. The negligence and carelessness of Defendant Penndot consisted of but was not limited to the following:

a. Failing to properly maintain the subject railroad bridge;

b.  Failing to ensure that there was proper street signage, warning motorists of the height of the bridge;

c.  Failing to ensure that the missing bridge height sign was replaced;

d.  Failing to prevent vandalism and/or removal of bridge height signs;

e.  Failing to warn Plaintiff and other motorists of the dangers presented by the low clearance of the bridge;

f.  Failing to erect, maintain and/or secure an advance information sign near the intersection nearest the end of the restricted bridge to allow drivers such as Plaintiff to avoid the height restricted bridge;

g.  Creating a nuisance on a public highway;

h.  Failing to exercise due care in fixing, replacing and/or maintaining the signage warning motorists as to the height of the bridge;

i.  Failing to notify appropriate entities, parties, individuals and/or authority and/or expertise, to fix or replace or place the height clearance signage approaching the bridge.

25.   As a result of the negligence of Defendant Penndot Plaintiff sustained injuries and damages as outlined in Paragraph 19 above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment

for Plaintiff and against Defendants.

**GALFAND BERGER, L.L.P.**

BY: _____

HENRY YAMPOLSKY, ESQUIRE
1835 Market Street, Suite 2710
Philadelphia, PA  19103
Phone:  (215) 665-1600
Fax:     (215) 564-2262
Email:  hyampolsky@galfandberger.com
Attorney for Plaintiff

JS 44 (Rev. 12/12)                    CIVIL COVER SHEET                    13    2567

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Alvarado, Victor

**DEFENDANTS**
The City of Chester
National Railroad Passenger Corporation  13    2567
Commonwealth of Pennsylvania

**(b)** County of Residence of First Listed Plaintiff  out of state
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Galfand Berger, LLP
1835 Market Street, Philadelphia, PA 19103
(215) 665-1600

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
        Plaintiff
- ☐ 2  U.S. Government
        Defendant
- ☐ 3  Federal Question
        *(U.S. Government Not a Party)*
- ☒ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

|                                          | PTF | DEF |                                                                  | PTF | DEF |
|------------------------------------------|-----|-----|------------------------------------------------------------------|-----|-----|
| Citizen of This State                    | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State      | ☐ 4 | ☒ 4 |
| Citizen of Another State                 | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State  | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country  | ☐ 3 | ☐ 3 | Foreign Nation                                                   | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. section 1332A
Brief description of cause:
Personal injuries in motor vehicle accident resulting from improper signage on railroad bridge.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**  *(See instructions):*
JUDGE _____    DOCKET NUMBER _____

MAY 10 2013

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:____244 Fifth Avenue Floor 12 New York, N.Y. 10001-7945____

**13    2567**

Address of Defendant:____1 Fourth Street, Chester, PA 19013;    50 Massachussetts Avenue, Washington, D.C. 20002;    400 North Street, Harrisburg, PA 17120____

Place of Accident, Incident or Transaction:__Fifth and Upland Street, Chester, PA____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
    (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No☑

Does this case involve multidistrict litigation possibilities?    Yes☐    No☑

*RELATED CASE, IF ANY:*

Case Number: _____    Judge _____

Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐    No☑

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐    No☑

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐    No☑

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    No☑    Yes☐

CIVIL: (Place ＿ in ONE CATEGORY ONLY)

A.  *Federal Question Cases:*
1.  ☐  Indemnity Contract, Marine Contract, and All Other Contracts
2.  ☐  FELA
3.  ☐  Jones Act-Personal Injury
4.  ☐ Antitrust
5.  ☐  Patent
6.  ☐  Labor-Management Relations
7.  ☐  Civil Rights
8.  ☐  Habeas Corpus
9.  ☐  Securities Act(s) Cases
10. ☐  Social Security Review Cases
11. ☐  All other Federal Question Cases
        (Please specify) _____

B.  *Diversity Jurisdiction Cases:*
1.  ☐  Insurance Contract and Other Contracts
2.  ☐  Airplane Personal Injury
3.  ☐  Assault, Defamation
4.  ☐  Marine Personal Injury
5.  ☑  Motor Vehicle Personal Injury
6.  ☐  Other Personal Injury (Please specify)
7.  ☑  Products Liability
8.  ☐  Products Liability — Asbestos
9.  ☐  All other Diversity Cases
        (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I,_____Henry Yampolsky_____, counsel of record do hereby certify:

    ☐  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

**MAY 1 0 2013**

    ☐  Relief other than monetary damages is sought.

DATE: _____

Henry Yampolsky
Attorney-at-Law

200213
Attorney I.D.

NOTE:  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    __Henry Yampolsky_____    _____200213_____

                                             Attorney-at-Law                                      Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA



CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Alvarado, Victor | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| The City of Chester, National Railroad Passenger | : | NO.  **13   2567** |
| Corporation t/d/b/a AMTRAK, Commonwealth of | : | |
| Pennsylvania Department of Transportation | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.    (See § 1:03 of the plan set forth on the reverse side of this form.)     In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)   Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    (    )

(b)   Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.    (    )

(c)   Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  ✓  )

(d)   Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.    (    )

(e)   Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.     (See reverse side of this form for a detailed explanation of special
management cases.)    (    )

(f)   Standard Management – Cases that do not fall into any one of the other tracks.    (    )

MAY 1 0 2013

5/10/13                 Henry Yampolsky                 Plaintiff

Date          Attorney-at-law          Attorney for

| (215) 665-1600 | (215) 564-2262 | hyampolsky@galfandberger.com |
|---|---|---|
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**